UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                 Case No. 16-CR-117

ANTOINETTE CRUDUP,

        Defendant.

## ORDER ADOPTING THE RECOMMENDATION (DKT. NO. 57); DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. NO. 41); AND SETTING STATUS CONFERENCE

On November 15, 2016, Antoinette Crudup filed a motion to suppress evidence on the ground that the search warrant executed at her residence lacked probable cause. Dkt. No. 41. Magistrate Judge Nancy Joseph issued a report and recommendation on the motion, dkt. no. 57, agreeing that the search warrant lacked probable cause but recommending that the motion be denied under the good faith exception pursuant to United States v. Leon, 468 U.S. 897 (1984). The defendant filed an objection to the recommendation, dkt. no. 61, and the government has filed its response, dkt. no. 63. The court will overrule the objection and deny the motion.

Rule 59(b) governs dispositive motion practice initiated before magistrate judges. Parties have fourteen days to file "specific written objections" to a magistrate judge's report and recommendation on such a motion. Fed. R. Crim. P. 59(b)(2). When reviewing a magistrate's recommendation, the district judge

1

must review *de novo* the recommendations of the magistrate judge to which a party timely objects. 28 U.S.C. §636(b)(1); Fed. R. Crim. P. 59(b)(2), (3). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Milwaukee County Detective Eugene Nagler prepared the affidavit in support of the search warrant. Dkt. No. 41-4. According to Nagler, his nineteen years of experience as a law enforcement officer and his training in the investigation of drug trafficking taught him that parcels sent from California to Milwaukee – using fictitious addresses – "commonly contain narcotics." Id. at 4. Nagler described the steps taken by traffickers to track the packages and have them delivered to a "drop house" to conceal the identity of the dealer. Id. at 4-5.

A local postal inspector noticed a "number of suspicious parcels coming from Oakland, CA being sent to 936 W. Meinecke & 2942 N. 2nd St Milwaukee, WI." Id. at 6, ¶10. At least eleven of these parcels were addressed to Tiawan Gilchrist at 936 Meinecke St. Id. Additionally, three parcels were sent from Tiawan Gilchrist, 936 Meiecke, Apt. 3, to Lorenzo Page, 2700 79th St., Oakland, CA. Id. at ¶12. A drug detection K-9 alerted to a parcel addressed to Page from Gilchrest, and the execution of search warrant revealed that the parcel contained $9,000. Id. at ¶13. The affidavit documented additional ties between Page and Gilchrist, id. at pp. 7-8, and asserted that a fellow officer had information that Gilchrest was selling drugs (cocaine, heroin, and marijuana) from 936 W. Meinecke, id. at p. 6, ¶25.

The same affidavit identified a suspicious parcel delivered to Antoinette Crudup at 2942 N. 2nd St., Apt. 206, in Milwaukee. Id. at p. 5, ¶18. An "open source check of the internet" revealed that Crudup refers to Gilchrest as her "Bae" and "Lover." Id. at p. 7, ¶19. Nagler confirmed that records indicated that Crudup lives at 2942 N. 2nd St. Milwaukee, WI. Id. at ¶¶ 22, 23. No other paragraphs in the affidavit refer to Crudup.

In her objection, Crudup argues that Nagler's affidavit failed to show probable cause because it contained "vague allusions to 'suspicious parcels' being sent from Oakland to Crudup, without any description or explanation of why they were considered suspicious" or who sent the parcels to Crudup. Dkt. No. 61 at 2. Magistrate Judge Joseph agreed with Crudup that the affidavit failed to demonstrate probable cause. Dkt. No. 57 at 4. According to Judge Joseph, officers attempted to "back door" probable cause to the residence through Crudup's romantic relationship with Gilchrist and because Gilchrist received suspicious packages similar to those sent between Gilchrist and another co-defendant. Id. at 5.

Probable cause exists when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. See Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Jones, 208 F.3d 603, 608 (7th Cir. 2000). Here, the supporting affidavit established probable cause as to Gilchrist and Page, but not as to Crudup. Nagler focused on the packages sent between Gilchrist and Page in Oakland, California. The detection dog alerted to

3

the package sent between Gilchrist and Page, and there was evidence that Gilchrist was selling drugs. The dog did not, however, alert to any package sent to Crudup, and nothing linked Crudup to Gilchrist and Page. The affidavit is limited to allegations that the suspicious packages to Crudup were similar in size and weight to those delivered to Gilchrist and that an internet search revealed that Crudup references Gilchrest as her "Bae" and "Lover." Those allegations, without more, are insufficient to establish probable cause as to Crudup.

Despite the fact that the affidavit did not show probable cause as to the defendant, however, Judge Joseph concluded that the good faith exception articulated in United States v. Leon, 468 U.S. 897 (1984), applied. In Leon, the Supreme Court ruled that evidence seized pursuant to a deficient warrant should not be suppressed if the officers involved were relying in good faith on the decision of the issuer of the warrant. Id. at 924. The decision to obtain a warrant is deemed to be *prima facie* evidence that an officer was acting in good faith. United States v. Otero, 495 F.3d 393, 398 (7th Cir.2007). To rebut this *prima facie* evidence that the officer was acting in good faith, the defendant must show one of three things: 1) the issuing judge abandoned his or her detached and neutral role; 2) the law enforcement officers were dishonest or reckless when preparing the affidavit; or 3) the warrant was so lacking in probable cause that the officer's belief in the existence of probable cause was entirely unreasonable. United States v. Garcia, 528 F.3d 481, 487 (7th Cir. 2008). None of these circumstances are present are present here. It was not

4

unreasonable for the officers to believe that they had established probable cause in the forty-six-paragraph affidavit, based on Nagler's experience with drug trafficking and the suspicious activity uncovered by the postal inspector and surveillance. The court agrees with Magistrate Judge Joseph's conclusion.

The court **ADOPTS** the recommendation of the magistrate judge regarding Antoinette Crudup's motion to suppress. Dkt. No. 57. The court **DENIES** the motion to suppress. Dkt. No. 41. The court **ORDERS** that the parties shall appear for a status conference on Tuesday, April 4, 2017 at 2:15 p.m. by telephone. Parties wishing to appear by telephone may do so by calling the court's conference line at 1-888-557-8511, and entering passcode 4893665#.

Dated in Milwaukee, Wisconsin, this 21st day of March, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge